UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
CHANEL SENOR, :
                Plaintiff,   :    01 Civ. 6462 (PAC) (MHD)
:    OPINION & ORDER
   - against -   :
:
CORRECTIONS OFFICER H. MCGRATH, :
et al., :
:
                Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Chanel Senor ("Senor") brings this action under 42 U.S.C. § 1983 claiming violations of his Eighth Amendment right to be free of cruel and unusual punishment. His claim is based on his alleged assault by five defendant corrections officers and the failure of Defendants Joan Tardio, R.N. ("Nurse Tardio"), Edmundo Nunez, M.D. ("Dr. Nunez"), and Edward Marra, D.D.S. ("Dr. Marra") to provide him with adequate medical treatment.[1] Tardio, Nunez, and Marra ("Defendants") now move for summary judgment as to the medical claims.

This case was referred to United States Magistrate Judge Michael H. Dolinger, who issued his Report and Recommendation ("R&R") on May 7, 2007, recommending that the motion for summary judgment be granted. On May 15, 2007, Senor filed timely objections ("Objections") to Magistrate Judge Dolinger's determination that he had failed to raise a genuine issue of material fact sufficient to sustain his claim against Defendants, and also requested an extension of time to file supplementary papers in opposition to the R&R. Defendants in turn submitted a reply to the Objections on June 7, 2007. The Court agrees with Magistrate Judge Dolinger's recommendation,

---

[1] Senor also alleges violations of his due process rights during a subsequent disciplinary proceeding related to the incident.

1

and grants Defendants' motion for summary judgment. Senor's request for additional briefing is denied.

## DISCUSSION

### I. Consideration of a Report and Recommendation

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate judge's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F.Supp. 815, 817 (S.D.N.Y. 1991). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F.Supp.2d 157, 159 (S.D.N.Y. 2000).

### II. Relevant Facts[2]

On September 27, 2000, Senor was involved in a violent altercation with five corrections officers, at Green Haven Correctional Facility. Immediately following the incident, Nurse Tardio examined Senor, noting abrasions, swollen eyelids, and a chipped front tooth. Finding no other injuries, Tardio concluded that Senor did not require outside medical attention. Senor saw Nurse Tardio once or twice more over the next few days and complained of back pain, for which she provided ibuprofen. Senor was transferred shortly thereafter to Upstate Correctional Facility, where he received x-rays of his lumbar spine. The results of the x-rays were negative.

Dr. Nunez examined Senor's back in April, June and July 2001, detecting no tenderness, swelling or range-of-motion limitation. In light of these examinations and the negative x-ray results, he concluded that it was unnecessary for Senor to see an outside specialist. For Senor's pain, Dr. Nunez provided analgesics and recommended physical therapy.

---

[2] In light of the parties' failure to object to the facts as determined by Magistrate Judge Dolinger, the following facts are drawn from the R&R.

Dr. Marra examined Senor's jaw on March 28, 2001, and referred him to oral surgeon Dr. Kaskel at Coxsackie Correctional Facility. Dr. Kaskel diagnosed Senor with a collapsed bite and recommended muscle relaxants and a night guard. Dr. Marra provided the night guard to Senor, who complained the following month that it was ineffective. In response, Dr. Marra prescribed a muscle relaxant for Senor, who complained six days later that it was not helping his pain and that he was having difficulty chewing. Dr. Marra then recommended another examination by Dr. Kaskel and ordered a soft-food diet for Senor. Following his reexamination, Dr. Kaskel recommended continued use of the night guard and muscle relaxant. Dr. Marra also reexamined Senor in January 2002, finding the range of motion of his jaw to be within normal limits. He declined to recommend surgery for Senor, advising that surgery would not help and could worsen his condition. Senor did not report for any dental treatment during the remainder of 2002 and throughout 2003. From the beginning of 2004 until Senor was transferred to another prison on July 2, 2005, Dr. Marra performed only routine dental work for him.

Senor received MRI examinations of his back in November 2004 and April 2005, which revealed minimal disc protrusion. According to Dr. Albert Paolano, a physician at Great Meadow Correctional Facility, the MRI studies "confirmed the appropriateness of prior treatment." R&R at 9.

**III. Summary Judgment Standard**

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should only be granted if "the nonmoving

party 'has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof'." Berger v. United States, 87 F.3d 60, 64 (2d Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  In ruling on a motion for summary judgment, the Court must "resolve all ambiguities and draw all factual inferences in favor of the nonmoving party." McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006) (citation omitted).  Where the plaintiff is proceeding pro se, the court must read the plaintiff's pleadings and other memoranda liberally and construe them in a manner most favorable to the plaintiff. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Summary judgment should not be granted where issues of fact are "genuine," and "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**IV. Senor's § 1983 Claim based on Inadequate Medical Care**

A prisoner claiming inadequate medical care amounting to an Eighth Amendment violation must allege "deliberate indifference to serious medical needs" to state a cognizable § 1983 claim.  Estelle v. Gamble, 429 U.S. 97, 105-106 (1976).  A prison official acts with deliberate indifference to an inmate's health only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk. McCray v. Coughlin, No. 95-2858, 1996 U.S. App. LEXIS 16002, 4 (2d Cir. July 3, 1996).  An allegation that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Estelle, 429 U.S. at 97.  Even assuming Senor has shown that he faced a substantial risk of serious harm, he has not raised genuine issues of material fact as to the Defendants' knowledge and disregard of that risk.

Defendants' have provided sworn affidavits, and some corroborating evidence, to the effect that their examinations, including x-rays, revealed no signs of a serious medical condition. Senor presents no evidence contradicting Defendants' submissions. Moreover, it is undisputed that Defendants provided Senor with regular treatment. Nurse Tardio examined Senor at least twice and provided ibuprofen. Dr. Nunez examined Senor at least twice and provided analgesics and recommended physical therapy. Dr. Marra examined Senor multiple times and referred him to an oral surgeon in addition to providing him with muscle relaxants and a night guard. In light of these facts, no reasonable juror could find that Defendants knowingly disregarded a serious risk of harm to Senor.

McCray is instructive in this regard. There the court affirmed the trial court's grant of summary judgment because the record indicated that the plaintiff's doctor had initiated numerous tests and examinations, all of which failed to demonstrate that the plaintiff had a serious injury. McCray, 1996 U.S. App. LEXIS 16002 at 4. The court also relied on the fact that the prison medical staff had treated the plaintiff's back pains by prescribing pain relieving drugs, issuing a bed board, and excusing him from periods of excessive standing and heavy lifting. Id. Here, where each defendant performed numerous examinations and provided Senor with pain relieving drugs and a night guard for his jaw, the considerations are substantially the same.

Senor asserts that the Defendants failed to send him to an outside specialist[3] or conduct an MRI until years after the assault, leading to a delay in a proper diagnosis of his injuries and causing him lasting harm. He argues that this failure constituted deliberate indifference to his injury. This argument is not persuasive. There remains no evidence that the Defendants' delay in sending Senor to a specialist and conducting an MRI was done with knowing disregard of his injuries.

---

[3] The Court notes that this assertion is simply inaccurate as to Dr. Marra, who promptly referred Senor to Dr. Kaskel.

Indeed, Senor himself relies on Defendants statements that they did not believe he was seriously injured to show that they failed to adequately diagnosis and treat his condition. Senor has, in short, stated a claim for negligence, not a claim for cruel and unusual punishment, and Defendants motion for summary judgment must therefore be granted.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED. As this disposition is based on the manifest insufficiency of Plaintiff's evidentiary submissions, additional briefing will be futile. Plaintiff's request for additional time to file supplemental papers is therefore DENIED. The Clerk of the Court is directed to close out this motion.

Dated: New York, New York
       July 2, 2007

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Chanel Senor
(# 94-A-1242)
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Wilton, New York 12831

Donald Nowve, Esq
Assistant Attorney General for the State of New York
120 Broadway, 24th Floor
New York, NY 10271